PEOPLE ex rel. BULGER et al. v. HART et al., City Assessors.

(Supreme Court, Special Term, Erie County.   January 16, 1912.)

1. MUNICIPAL CORPORATIONS (§ 512*)—ASSESSMENTS—CERTIORARI—SCOPE OF REMEDY.
   Where the board of assessors which apportioned the assessment for public improvements was not authorized to review or correct any errors of the common council or board of public works, the assessors' return to a petition for certiorari to review their action need not contain all of the proceedings of the common council or board of public works; the object of the writ of certiorari being to review the action of the body having jurisdiction of certain subject-matter, in order to correct errors, where no appeal is available, and so errors of the council or board of public works could not be corrected in this proceeding.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1185–1187;  Dec. Dig. § 512.*]

2. MUNICIPAL CORPORATIONS (§ 454*)—PUBLIC IMPROVEMENTS—ASSESSMENTS.
   Where a public improvement was to be assessed according to frontage, and the only duty of the board of assessors was to determine the frontage, their failure to compute the amount of the assessment was not error.
   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 454.*]

Certiorari by the People, on the relation of Andrew Bulger and others, against Matthew F Hart and others, as Assessors of the City of Olean.   On motion for further return.   Motion denied, and writ quashed.

Dana L. Jewell, for relators.
Henry Donnelly, for defendants.

WOODWARD, J.   The relators are residents of the city of Olean, and this writ of certiorari was issued upon their petition to review the action of the assessors and of the city clerk of the city of Olean, on the ground that certain assessments made for the purpose of paying for a street improvement were illegal and void.   The assessors and city clerk have made a return to the writ; but the relators insist that the return is not complete, and they ask that the respondents be required to make a further return.   They point out that the city clerk is clerk of the board of assessors, and that he is required to keep a record of all of the proceedings of the common council, and they claim (1) that the writ requires a return of all of the proceedings of the common council and commissioners of public works preliminary to the assessment;  (2) that it requires the assessors to return whether the common council had fixed and determined the amount of the expense of the improvement, and whether they had such amount as determined by the council before them when they made the assess-- ment;  (3) that the petition alleges that no amount was assessed by the assessors to each property owner, but only the number of feet frontage and an arbitrary valuation per foot; also that the city clerk threatened and proposed to spread the amount of the expense of the improvement as ascertained by him on the roll;  (4) that the roll

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

returned shows the expense of the improvement has been added, but fails to state whether it was done by the clerk or the assessors, or whether before or after the roll was filed after review.

[1] The object of a writ of certiorari, as we understand it, is to review the action of a body having jurisdiction of a given subject-matter, for the purpose of correcting errors, where no appeal is otherwise available. This being the case, it is obvious that the requirement of the writ went no further than to require the board of assessors, or its clerk, to produce such of the proceedings of the common council and of the commissioner of public works as was within its control, and we are of the opinion that the return is not defective in this respect.

There is no force in the suggestion that there is a failure to show whether the council had determined the amount of the expense of the improvement, and whether this fact was before them at the time, as it could make no difference with the action of the assessors.

[2] The allegation that there was no amount assessed by the assessors is not important. The only question for the assessors to determine, under the charter of the city of Olean, is the number of feet of frontage, and then the assessment is merely a matter of computation, to determine the equal distribution of the cost upon each foot of frontage, and this work might be done either by the assessors or by their clerk, without invading any rights of the petitioners.

I am persuaded that the relators are not entitled to a further return, and that the entire proceeding is based upon an erroneous theory of the law. The board of assessors are not authorized to review or correct any of the errors of the common council, or of the board of public works, or of any other body or person. Their authority is limited to a review of their own work, and to a correction of such errors as they may have made in determining the distribution of the burden of the public work. If the common council acted without a proper petition before it, or if the board of public works failed to properly advertise for bids, or if any other preliminary requirement was neglected, the parties aggrieved might have brought an action to prevent the work being consummated, or they can, upon an effort being made to collect the assessments, assert the jurisdictional defects here urged; but they have no proper place in a proceeding to review the action of the assessors, for it is not shown that the assessors have done, or failed to do, anything which the law forbids or commands. The return shows conclusively that the assessors have acted within their jurisdiction properly. If there were antecedent jurisdictional defects, the board of assessors has no power to correct them, and no court would be justified in overturning the action of the common council, or of the board of public works, without those bodies being before it.

No further return should be required, and the writ should be quashed, with costs.